**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LONA FOWDUR, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:23-cv-03380-JDB |
| | ) | |
| SECRETARIAT ADVISORS, LLC., | ) | |
| DONALD HARVEY, and | ) | |
| JOHN LITTLE, | ) | |
| | ) | |
| | ) | |
| Defendants/Counterclaim-Plaintiffs | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**

1

# TABLE OF AUTHORITIES

**Cases**
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 4
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 4
*Erickson v. Pardus*,
  551 U.S. 89 (2007) .................................................................................................................. 5
*LeFande v. Mische-Hoeges*,
  2018 U.S. Dist. LEXIS 223466 .............................................................................................. 4
*Sinclair v. Kleindienst*,
  229 U.S. App. D.C. 13, 711 F.2d 291 (1983) ......................................................................... 4

**Rules**
Fed. R. Civ. P. 8(a)(2) .................................................................................................................. 4
Rule 12(b)(6) ............................................................................................................................ 4, 5

COME NOW, Defendants/Counterclaim-Plaintiffs Secretariat Advisors, LLC, Donald Harvey and John Little (collectively "Counterclaim-Plaintiffs"), by and through their undersigned counsel, and in support of their Opposition to Motion to Dismiss Counterclaim state as follows:

## I.     INTRODUCTION

Counterclaim-Plaintiffs respectfully submit this response in opposition to the Counterclaim-Defendant Lona Fowdur's (herein after "Counterclaim-Defendant") Motion to Dismiss Counterclaim filed on January 18, 2024. For the reasons below Counterclaim-Defendant's Motion is without any merit.

Counterclaim-Defendant claims that Counterclaim-Plaintiffs have only made "bare bones" conclusory allegations in their Counterclaim and have pled insufficient facts against Counterclaim-Defendant. Therefore, Counterclaim-Defendant argues that these claims must be dismissed. However, Counterclaim-Defendant misrepresents the standard of review for motions to dismiss counterclaims completely. Additionally, Counterclaim-Defendant does not allege that it is not on notice of counterclaims, that it will suffer any "prejudice" from these counterclaims nor that Counterclaim-Plaintiffs cannot ultimately prove these counterclaims. At this early stage of this litigation, Counterclaim-Plaintiffs' Counterclaims should not be dismissed.

## II.    FACTS

The facts in Counterclaim-Plaintiffs' Counterclaim set out clear facts and elements to support a cause of action against Counterclaim-Defendant. First, that Dr. Fowdur was a managing employee of Counterclaim-Plaintiffs and had the respective fiduciary duties, especially the duty of loyalty. Second, that Dr. Fowdur breached those duties, specifically the duty of loyalty to Counterclaim-Plaintiffs, by solicitation of a subordinate employee, Cagatay Koc, to breach his

3

employment contract with Counterclaim-Plaintiffs and join Counterclaim-Defendant in new employment.  Third, that Dr. Fowdur's solicitation was a breach of her duty of loyalty to Counterclaim-Plaintiffs which in fact caused loss of revenue, loss of available expertise and talent, loss of support for services to clients and loss of opportunity to hire and train replacements for Cagatay Koc.

### III.   STANDARD OF REVIEW ON MOTION TO DISMISS COUNTERCLAIM

Courts apply the same legal standard of review for motions to dismiss counterclaims as they do for motions to dismiss complaints and a complaint need not allege all the facts necessary to prove its claims.  *Sinclair v. Kleindienst*, 229 U.S. App. D.C. 13, 711 F.2d 291 (1983).  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the mere sufficiency of the counterclaim, not to decide the merits of the case. *LeFande v. Mische-Hoeges*, 2018 U.S. Dist. LEXIS 223466.  Pursuant to Fed. R. Civ. P. 8(a)(2), a counterclaim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a Court may grant a motion to dismiss under Rule 12(b)(6) "only" if the counterclaim lacks "enough facts to state a claim to relief that is "plausible on its face" and that "raises a right to relief above the speculative level".  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A sufficient counterclaim ensures that a counter-defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Notice pleading is all that has ever been required, as stated in *Twombly*, and supported by the Federal Rules of Civil Procedure, and this has always been considered an extremely "low" notice standard.  The overriding principle of the pleading standard is clear: notice pleading is still all that is required, and the Plaintiff need only plead enough detail to give the

4

Defendant "fair notice" of claims. *Twombly* at 556. By arguing to the contrary, Counterclaim-Defendant seeks to impose a pleading standard that is inconsistent with notice pleading. For example, Counterclaim-Defendant argues that the Counterclaim-Plaintiffs fail to make more than conclusory allegations with regard to a "bald assertion" and goes on to attempt to "litigate" the matter in his memorandum. The Counterclaim-Plaintiffs' counterclaims clearly satisfy this "standard of notice" and therefore are not subject to dismissal.

The Counterclaim-Defendant seems to disregard completely the clear standard that in the Court evaluating a motion to dismiss a counterclaim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in the Counterclaim-Plaintiffs' favor. Fed. R. Civ. P. 12(b)(6); see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, a counterclaim cannot be dismissed if it "contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face". *Iqbal*, at 679 (quoting *Twombly*, at 570). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678.

IV.   **CONCLUSION**

The Counterclaim-Plaintiffs' counterclaim clearly meets the *Iqbal-Twombly* standard and states a claim upon which relief may be granted. Counterclaim-Defendant's Memorandum supports this throughout since it keeps arguing the facts of the case set out in the counterclaim as "untrue", "false", "conclusions", etc. He wants to dismiss the counterclaim by "litigating" those facts in his memorandum. He knows that he cannot succeed on the standard of review so attempts to distract the Court into an actual challenge not to the "notice sufficiency" of the counterclaim but to try the matter before the Court. Therefore, Counterclaim-Plaintiffs respectfully request that the Court deny Counterclaim-Defendant's Motion to Dismiss the Counterclaim.

Respectfully submitted this 1st day of February, 2024.

          TAYLOR ENGLISH DUMA LLP

          */s/ Michael F. Ruggio*
          Michael F. Ruggio
          District of Columbia Bar No. 405641

          7546 Clifton Road
          Clifton, Virginia 20124
          Telephone: (703) 936-4204
          mruggio@taylorenglish.com

          *Attorney for Defendants Secretariat Advisors, LLC, Donald Harvey and John Little*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 1st day of February, 2024, electronically filed the foregoing MEMORANDUM IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all Counsel of Record.

*/s/ Michael F. Ruggio*
Michael F. Ruggio
District of Columbia Bar No. 405641
*Attorney for Defendants Secretariat Advisors, LLC, Donald Harvey and John Little*