**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

LONA FOWDUR *

Plaintiff/Counterclaim-Defendant, * Civil Action No. 1:23-cv-03380-JDB

*

vs. *

SECRETARIAT ADVISORS, LLC., * DONALD HARVEY, and JOHN LITTLE, *

Defendants/Counterclaim-Plaintiffs *

* * * * * * * * * * * * *

**REPLY**

COMES NOW, Plaintiff/Counterclaim Defendant Lona Fowdur, by and through counsel, and in Reply to Defendants/Counterclaim Plaintiffs' (collectively referred to as the "Secretariat Parties" herein) Opposition to Dr. Fowdur's Motion to Dismiss their Counterclaim states as follows:

1. **Dr. Fowdur argues the correct standard of review for dismissing a counterclaim and the Secretariat Parties have not met the threshold needed to sustain their claim.**

The Secretariat Parties attempt to breathe life into their threadbare Counterclaim by waiving the well-worn 'notice pleading' flag while, at the same time, disregarding that courts have explained what constitutes notice. In directing this Court to only the most superficial of portions from *Iqbal* or *Twombly*, they saidestep what either case actually says about essentials in pleading. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) citing *Papasan v. Allain*, 478 U.S. 265,

286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotes and cites omitted).

The Secretariat Parties admit that a party must "plead enough detail to give the Case Defendant fair notice of claims." Dkt 10-1 at 4-5 citing *Twombly* at 556. They fail to do so.

In their five-sentence Counterclaim, the Secretariat Parties aver:

1. *Counterclaim Defendant Lona Fowdur owed her employer a fiduciary duty of undivided and unselfish loyalty during her employment.* Dkt. 8 at 19.

That sentence merely states a legal conclusion which, according to *Twombly*, is not simply accepted as true by a Court reviewing a Motion to Dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)

2. *Counterclaim Defendant solicited the departure of her subordinate, Cagatay Koc, to breach his employment contract, to terminate his employment and to join Counterclaim Defendant as an employee of a competing organization, Compass Lexecon.* Dkt. 8 at 19.

That averment does not notify Dr. Fowdur of how she supposedly solicited the departure of Mr. Koc. It does not notify Dr. Fowdur of when she supposedly solicited Mr. Koc's departure. It does not notify Dr. Fowdur of the nature of the alleged breach of Mr. Koc's contract.[1] And, it does not allege, if taken as true, that Dr. Fowdur had a duty not to solicit a single employee from Secretariat or was subject to any non-solicitation provisions.

3. *As a managerial employee, Counterclaim Defendant breached her fiduciary duty of undivided and unselfish loyalty during her employment.* Dkt. 8 at 19.

---

[1] If the averment is that Mr. Koc's breach was that he terminated his employment and joined a competitor, it is controverted by a plain reading of Mr. Koc's contract which the Secretariat Parties referenced in their Counterclaim and Dr. Fowdur attached to her Motion to Dismiss. Section 1.1(b) of Mr. Koc's contract makes clear that it was terminable at will – so his decision to terminate his employment could not be the breach Dr. Fowdur is accused of soliciting – proving the point that the averment does not notify Dr. Fowdur of anything. This Court is not bound to accept as true factual averments made by the Secretariat Parties which are controverted by the very documents they reference.

The third sentence in the Counterclaim is, at best, simply a statement of law. In the District of Columbia, employees owe their employer fiduciary duties. As to Dr. Fowdur's employment, there is no allegation that Dr. Fowdur had management duties, simply the conclusory '[a]s a managerial employee …'. It is insufficient to support a claim.

4. *Counterclaim Defendant's breach of her duty of loyalty caused loss of revenue, loss of available expertise and talent, loss of support for services to clients and loss of the opportunity to hire and train a replacement for Cagatay Koc.* Dkt. 8 at 20.

The Fourth sentence of the counterclaim does not provide Dr. Fowdur any information of why her purported breach led to any of the damages stated. In fact, a reading of Mr. Koc's contract referred to in the Counterclaim directly contradicts the averment. On page 4 of the contract, in provisions that are not contained in any agreement Dr. Fowdur has with Secretariat, it indicates that Secretariat was likely able to actually retain unpaid financial consideration because of Mr. Koc's departure that it would have otherwise had to pay.

5. *Counterclaim Plaintiff has suffered damages as a result of Counterclaim Defendant's breach of her fiduciary duty of loyalty.* Dkt. 8 at 20.

The final sentence of the Counterclaim is insufficient to state a claim upon which relief may be granted and is merely conclusory. Thus, the only sentence containing any factual allegation is the second and that is deficient, provides no notice, and appears to be directly contradicted by the very document Secretariat references.

Contrary to assertions by the Secretariat Parties, Dr. Fowdur set out the precise standard this Court uses to evaluate the Counterclaim. The fact the Counterclaim fails to adequately state a claim is not the result of an incorrect standard being applied, it is the result of the claim not being supported by facts.

**2. As set out in the Motion to Dismiss and uncontested in the Opposition, even if the conclusory allegations in the Counterclaim were viewed as pled facts, they do not**

**support a claim upon which relief can be granted given the clear law in the District of Columbia.**

If the Counterclaim actually contained factual allegations, this Court must then consider whether those allegations, when taken as true, set out a plausible claim. The Counterclaim does not, and it is understandable that the Secretariat Parties did not address any of the law cited in the Motion to Dismiss regarding an employee's fiduciary duties to their employer. If the Court were to overlook that the second sentence fails to notify Dr. Fowdur of anything and that it refers to a breach of contract unsupported by the very document cited, it would be left with the following – Dr. Fowdur solicited a single Secretariat employee to go to a competing company. That, read in the light most favorable to the Secretariat Parties – simply does not give rise to any claim for relief given the law in the District of Columbia.

There are no allegations of restrictive covenants,[2] there is no allegation of solicitation of customers, there is no allegation of competition with Secretariat while employed by Secretariat, and there is absolutely no allegation that Dr. Fowdur took any action to solicit a mass resignation. "[T]he law is clear that an [employee] can make arrangements or plans to go into competition with his principal before terminating his [employment], provided no unfair acts are committed or injury done his principal." *Mercer*, 920 F. Supp. at 233 quoting *Science Accessories Corp. v. Summagraphics Corp.,* 425 A.2d 957, 962 (Del.1980). "Specifically, in preparing to compete, an employee may not engage in "misuse of confidential information, solicitation of the firm's customers, or solicitation leading to a mass resignation of the firm's employees." *Cochrane USA, Inc. v. Filiba*, No. CV 18-341 (EGS), 2018 WL 11395915, at *5 (D.D.C. Mar. 9, 2018) quoting

[2] Indeed, finding that Secretariat has stated a claim upon which relief would be plausible would render term-of employment non-solicitation agreements a nullity and allow employers to file suit anytime employees suggested that a coworker consider employment at a competing company - regardless of whether they had agreed to restrictive covenants or not.

*Furash & Co. v. McClave*, 130 F.Supp.2d 48, 54 (D.D.C.2001). The Counterclaim simply does not allege that Dr. Fowdur did anything that District of Columbia Courts consider a breach of fiduciary duties owed to her employer.

Date: February 5, 2024

Respectfully Submitted,

/s/

Ben S. Barlow, Esq. (DC Bar # 497795)
Smithey Law Group LLC
706 Giddings Avenue, Suite 200
Annapolis, MD 21401
(410) 919-2990 (Phone)
(410) 280-1602 (Facsimile)
ben.barlow@smitheylaw.com
*Counsel for Plaintiff/Counterclaim-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 5th day of February 2024, electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of Court using the CM/ECF system which in turn serves the following Counsel of Record for the Defendants:

Michael Ruggio, Esq.
Taylor English Duma LLP
10432 Balls Ford Road, Suite 300
Manassas, VA 20109
Phone: (202) 507-2157
mruggio@taylorenglish.com

/s/
Ben S. Barlow