**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LONA FOWDUR,

Plaintiff,

v.

SECRETARIAT ADVISORS, LLC et al.,

Defendants.

Civil Action No. 23-3380 (JDB)

## MEMORANDUM OPINION & ORDER

Plaintiff Lona Fowdur left her job at Secretariat Advisors LLC ("Secretariat")[1] in May 2023 for a new opportunity at a competitor. In the present suit, she alleges that Secretariat and its senior leadership subsequently withheld upwards of $640,000 in wages due to her, in violation of the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 et seq., and various common-law doctrines. Secretariat counterclaimed, alleging that Fowdur breached a fiduciary duty to the company by soliciting another employee to depart with her. Before the Court is Fowdur's motion to dismiss this counterclaim. For the following reasons, the Court will grant the motion.

### Background

Fowdur was employed by Secretariat, an expert services and litigation consulting firm, and a predecessor entity from June 2009 to May 2023. Compl. [ECF No. 1] ¶¶ 12, 53.[2] She did not have a "formal" written employment contract with either entity; rather, the terms of her

---

[1] Defendants contend that Secretariat Advisors LLC is an improper defendant because Fowdur "was never in fact an employee of Secretariat Advisors, LLC"—presumably the parent entity—"but actually only a Principal of Economists Incorporated . . . and a Managing Director of Secretariat Economists, LLC." Answer, Aff. Defenses, & Countercl. [ECF No. 8] at 1. Fowdur has indicated that she will amend her complaint to address this issue, see Joint Loc. Rule 16.3 Rep. [ECF No. 13] at 2, but has not yet done so. "Secretariat," as used in this opinion, should be broadly understood to refer to Fowdur's former employer.

[2] While the Court's analysis turns on the facts alleged in Secretariat's counterclaim, the Court will briefly recount Fowdur's underlying allegations for context.

employment were established through a series of email exchanges.  See id. ¶¶ 13, 17–22, 28–33, 40, 51.  Fowdur was paid quarterly in an amount contingent on the revenue brought in by cases she led during the previous quarter.  See, e.g., id. ¶¶ 17, 22, 62, 64.

Fowdur voluntarily resigned from Secretariat on May 17, 2023 for a new opportunity at Compass Lexecon, a competitor.  Id. ¶¶ 53–54; see Answer, Aff. Defenses, & Countercl. [ECF No. 8] ("Countercl.") at 19.  Her final day at Secretariat was May 31, 2023.  Compl. ¶ 53. Secretariat allegedly owed her more than $640,000 based on the revenue she brought in between January 1, 2023 and her departure date.  Id. ¶¶ 62, 64.  But Secretariat refused to pay, claiming that Fowdur forfeited any entitlement to payments for the first two quarters of 2023 by departing the company before these payments were made.  Id. ¶ 68.

Fowdur filed the present suit in November 2023, invoking diversity jurisdiction and naming as defendants Secretariat and Secretariat's CEO and CFO.  Id. ¶¶ 4, 8–10.  Her complaint asserts four counts: withholding of wages in violation of the D.C. Wage Payment and Collection Law, breach of contract, unjust enrichment, and promissory estoppel.  Id. ¶¶ 75–107.  Defendants answered Fowdur's complaint and Secretariat (but not its executives) asserted a counterclaim for breach of fiduciary duty.  See Countercl. at 19–20.  The counterclaim states as follows:

> 1. Counterclaim Defendant Lona Fowdur owed her employer a fiduciary duty of undivided and unselfish loyalty during her employment.
>
> 2. Counterclaim Defendant solicited the departure of her subordinate, Cagatay Koc, to breach his employment contract, to terminate his employment and to join Counterclaim Defendant as an employee of a competing organization, Compass Lexecon.
>
> 3. As a managerial employee, Counterclaim Defendant breached her fiduciary duty of undivided and unselfish loyalty during her employment.
>
> 4. Counterclaim Defendant's breach of her duty of loyalty caused loss of revenue, loss of available expertise and talent, loss of support for services to clients and loss of the opportunity to hire and train a replacement for Cagatay Koc.

5. Counterclaim Plaintiff has suffered damages as a result of Counterclaim Defendant's breach of her fiduciary duty of loyalty.

Id.

Fowdur moved to dismiss the counterclaim. See Mot. to Dismiss Countercl. [ECF No. 9] ("Mot."). She contends that the counterclaim fails to state a claim both because it falls short of the plausibility pleading standard and because alleged solicitation of a single employee is not enough to make out a claim for breach of fiduciary duty. See id. at 7–14. Secretariat opposed Fowdur's motion, see Opp'n to Mot. [ECF No. 10] ("Opp'n"), and Fowdur filed a reply, see Reply [ECF No. 11]. The motion is thus fully briefed and ripe for decision.

## Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Courts do not credit a complaint's legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. And a complaint must go beyond alleging facts that are "'merely consistent with' a defendant's liability," id. (quoting Twombly, 550 U.S. at 557), as such allegations fail to "nudge[]" a claim "across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570). These same standards govern a plaintiff's motion to dismiss a defendant's counterclaim. See Inova Health Care Servs. v. Omni Shoreham Corp., Civ. A. No. 20-784 (JDB), 2022 WL 8176488, at *2 (D.D.C. Mar. 22, 2022).

## Analysis

An employee, as an agent of her current employer, generally has a duty to refrain from competing with that employer.  See Restatement (Third) Of Agency ("Restatement") § 8.04 (2006); Hedgeye Risk Mgmt., LLC v. Heldman, 412 F. Supp. 3d 15, 24 (D.D.C. 2019); Maryland Metals, Inc. v. Metzner, 382 A.2d 564, 568 (Md. 1978).[3]  She may, however, compete with an employer after departing absent an enforceable restrictive covenant.  See U.S. Travel Agency, Inc. v. World-Wide Travel Serv. Corp., 235 A.2d 788, 789 (D.C. 1967).  She may also "take action, not otherwise wrongful, to prepare for competition" even while still employed.  Restatement § 8.04.  Whether a soon-to-depart employee's actions constitute lawful preparation to compete as opposed to unlawful competition is a context-specific inquiry that depends on a "thoroughgoing examination of the facts and circumstances of the particular case."  Maryland Metals, 382 A.2d at 570; see Restatement § 8.04 cmt. c.  A number of courts have concluded, however, that "in preparing to compete, an employee may not commit wrongful acts, such as misuse of confidential information, solicitation of the firm's customers, or solicitation leading to a mass resignation of the firm's employees."  Hedgeye, 412 F. Supp. 3d at 24 (cleaned up); accord Maryland Metals, 382 A.2d at 569–70.

Here, Secretariat generally alleges that Fowdur breached a fiduciary duty to the company by soliciting Cagatay Koc "to breach his employment contract, to terminate his employment and to join" Fowdur at a competitor, leading to various damages.  Countercl. at 19; see Caesar v. Westchester Corp., 280 A.3d 176, 186 (D.C. 2022) ("A [party] alleging a breach of fiduciary duty

---

[3] Because Fowdur worked at Secretariat's D.C. office and there is no allegation that her employment contract contained a choice-of-law provision, the Court will assume that D.C. law governs Secretariat's counterclaim.  See Hedgeye, 412 F. Supp. 3d at 23 n.2.  However, D.C. case law regarding the fiduciary duties of soon-to-depart employees is sparse, so courts in this District look to general common-law principles.  See, e.g., id. at 24.  The common law of Maryland is particularly instructive, as D.C. courts often look to Maryland "when [D.C.] precedent is not dispositive."  Newby v. United States, 797 A.2d 1233, 1242 & n.13 (D.C. 2002).

must show: (1) the existence of a fiduciary relationship . . . ; (2) breach of a duty imposed by that fiduciary relationship; and (3) an injury caused by such breach.").  Fowdur argues that this counterclaim must be dismissed because it fails to plead sufficient factual content to state a plausible claim and because solicitation of a single employee is an insufficient basis on which to ground a breach of fiduciary duty claim.  See Mot. at 7–14.

The Court agrees that Secretariat's counterclaim falls well short of plausibly alleging a breach of fiduciary duty.  Most of the counterclaim consists of precisely the sort of "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" disapproved of by Twombly and Iqbal.  See Iqbal, 556 U.S. at 678.  And the factual nucleus that remains—that Fowdur solicited the departure of a subordinate named Cagatay Koc to join her at a competitor—is far too general to nudge Secretariat's counterclaim "across the line from conceivable to plausible."  Id. at 680 (quoting Twombly, 550 U.S. at 570).  For example, Secretariat does not allege (even on information or belief) when this solicitation occurred, Koc's role at Secretariat, the nature of the solicitation, how his departure breached his employment contract, or any factual details regarding the impact of his departure on Secretariat.

Secretariat broadly contends that "notice pleading is still all that is required" and that Fowdur is inappropriately attempting to "'litigate' the matter" in her briefing.  Opp'n at 4–5.  But after Twombly and Iqbal, counterclaimants are required to plead sufficient factual content to state a plausible claim, and counterclaim-defendants are entitled to challenge whether such well-pleaded factual allegations state a claim as a matter of law.  On Secretariat's logic, a party could always safeguard against a motion to dismiss simply by couching its allegations at a high level of generality.  That is not the law.  Accordingly, the Court will dismiss Secretariat's counterclaim for failure to state a plausible claim.  See Iqbal, 556 U.S. at 678.

Fowdur maintains that this dismissal should be with prejudice.  Mot. at 15.  In her view, solicitation of a single employee is per se insufficient to make out a claim for breach of fiduciary duty.  See id. 11–14.  She points to cases in this District stating that "in preparing to compete, an employee may not [engage in] . . . solicitation leading to a mass resignation of the firm's employees."  Hedgeye, 412 F. Supp. 3d at 24 (emphasis added); see also, e.g., Phillips v. Mabus, 894 F. Supp. 2d 71, 93 (D.D.C. 2012); PM Servs. Co. v. Odoi Assocs., Inc., Civ. A. No. 3-1810 (CKK), 2006 WL 20382, at *28 (D.D.C. Jan. 4, 2006); Furash & Co. v. McClave, 130 F. Supp. 2d 48, 53 (D.D.C. 2001); Mercer Mgmt. Consulting, Inc. v. Wilde, 920 F. Supp. 219, 234 (D.D.C. 1996).  Fowdur reasons that, by negative implication, solicitation of a single employee cannot serve as the basis for a breach of fiduciary duty claim.  See Mot. at 12–13.  Secretariat does not respond to this argument.

In the absence of developed briefing, the Court declines to hold as a matter of law that solicitation of a single employee can never support a claim for breach of fiduciary duty.  After all, inquiries in this area are highly fact dependent.  See Maryland Metals, 382 A.2d at 570.  It is for Secretariat in the first instance—not the Court—to assess the factual content it could potentially allege and to determine whether such facts are sufficient to state a claim or whether advancing an amended counterclaim would be futile.  Hence, because there is at least a possibility that Secretariat may be able to plead facts sufficient to withstand a motion to dismiss, the Court will dismiss Secretariat's counterclaim without prejudice.  See Hedgeye Risk Mgmt., LLC v. Heldman, 196 F. Supp. 3d 40, 53 (D.D.C. 2016).

## **<u>Conclusion</u>**

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [9] plaintiff's motion to dismiss defendants' counterclaim is **GRANTED**;

and it is further

**ORDERED** that defendants' counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

_____
/s/
JOHN D. BATES
United States District Judge

Dated: <u>May 13, 2024</u>